## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

**DE'MARCO MOORE,**
*Individually, and on behalf of themselves*
*and others similarly situated,*

  Plaintiff,

      **v.**                          No._____

**Z & L WRECKING CO., INC.**          **FLSA collective Action**

  Defendant.                    **JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff De'Marco Moore ("Plaintiff"), individually and on behalf of others similarly situated, files this Collective Action Complaint, and states as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Z & L Wrecking Co., Inc. ("Defendant") on behalf of all current and former hourly-paid construction laborers and machine-operators, who worked for Defendant during the past three (3) years. Plaintiff and the putative class are current and former employees who seek damages for unpaid overtime.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. § 201 *et. seq.*, 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

3.  Venue is proper in this District pursuant to 28 U.S.C. 1391. Defendant employed Plaintiff in this District and Defendant has conducted, and continues to conduct, business within this District during relevant periods to this action.  Events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4.  Defendant Z & L Wrecking Co., Inc. is a Missouri corporation with its principal place of business located at 5242 North Broadway Ave., St. Louis, Missouri, 63147. Defendant may be served through its registered agent, Zarak Little, located at 5242 North Broadway Ave., St. Louis, Missouri, 63147.

5.  Plaintiff has been a resident of this District and performed work as a non-exempt employee within this District during the three (3) year period immediately preceding the filing of this Complaint.  Plaintiff's Consent to Join this collective action is attached hereto as *Exhibit A*.

## FACTUAL BASIS FOR SUIT

6.  Defendant is, according to its website, a "business that performs a multitude of demolition work" with "more than over 20 years of demolition expertise in residential, commercial, and industrial demolition."

7.  Defendant employed/employs Plaintiff and others as hourly-paid construction laborers and/or machine-operators to perform the manual labor involved in said residential, commercial, and industrial demolition.

8.  "The Putative Class" refers to all individuals who worked for Defendant as hourly-paid construction laborers and/or machine-operators during the previous three (3) years.

9.  Defendants have been Plaintiffs and Putative Class' "employer" within the meaning of 29 U.S.C. § 203(d) and § 203(r) at all times material to this action.

10. At times material to this action, Plaintiff and Putative Class have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and performed work for Defendant within the territory of the United States, within the three (3) years preceding the filing of this collective action.

11. At all times material to this action, Defendant has been an enterprise engaged in commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiff and the Putative Class have engaged in interstate commerce as Defendant's employees during the applicable statutory period.

12. Plaintiff was employed as an hourly-paid construction laborer.

13. Plaintiff and the putative Class performed tasks for Defendant such cleaning bulldozers, pouring/smoothing concrete, digging water taps, and operating machines.

14. Plaintiff and others worked in excess of forty (40) hours per week for Defendant in most, if not all weeks, of his/their employment with Defendant.

15. Plaintiff and others were typically scheduled to work five (5) days per week for a scheduled forty (40) hours per week. However, they were regularly required to stay past the end of their scheduled shift and work hours at a time without pay.

16. Specifically, Plaintiff and the Putative Class were scheduled to end their day at roughly 3:30 p.m., yet Defendant required, expected and/or permitted them to stay and work past 3:30 p.m. for hours at a time.

17. Plaintiff and the Putative Class are entitled to overtime at 1.5 times their base rate of pay for all time they worked in excess of forty (40) hours per week and were not paid for at an overtime rate.

18. Defendant's other employees were treated similarly. Defendant also denied wages owed to them as employees based on Defendant's common practice of failing to pay all overtime due.

19. Defendant knew and was aware at all relevant times that it was not compensating Plaintiff and the Putative Class at the appropriate overtime rate for all compensable time worked over forty (40) hours per week. Defendant can cite no good faith basis for this failure.

20. Defendant's compensation practices violated 29 U.S.C. § 207(a)(1).

21. As a result of Defendant's bad faith and willful failure to pay Plaintiff and the Putative Class in compliance with the FLSA, Plaintiff and the Putative Class have suffered lost wages in the form of overtime compensation.

22. The net effect of Defendant's common plan, policy, and/or practice of failing to pay its non-exempt employees overtime unjustly enriched the Defendant, who enjoyed ill-gained profits at the expense of Plaintiff and the Putative Class, and also enjoyed lower payroll taxes thereby.

### FLSA COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

24. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

25. The proposed collective class of similarly situated persons, also referred to in this Complaint as the "Putative Class" is defined as:

> All current and former individuals who performed any work for Defendant as a construction laborer and/or machine-operator in excess of forty (40) hours in any week from three (3) years prior to the filing of this Complaint through the present.

26. Plaintiff and the Putative Class are "similarly situated" for the purposes of 29 U.S.C. § 216(b) because, *inter alia*, Defendant employed a common pay scheme whereby Defendant's non-

exempt employees were paid in a matter impermissible under the FLSA, and were denied any overtime pay thereby.

27. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the Putative Class with respect to Defendant's payroll policies, which universally denied Plaintiff and members of the Putative Class all overtime compensation.

28. The collective action mechanism is superior to other available methods for a fair an efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

29. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members.

30. Counsel for Plaintiff will adequately protect his interests as well as the interests of the Putative Class.

31. The precise number of Putative Class can be easily ascertained by examining Defendant's payroll, scheduling, time keeping, personnel and other work-related records and documents. The Putative Class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posing notice at Defendant's place of business/work sites.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and those who choose to opt into this matter request the Court enter judgment in favor of this Complaint and:

   a) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendant;

5

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. §216(b) for the claims of the class;

i) Allow Plaintiff to amend this Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

k) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a TRIAL BY JURY as to all issues.

Dated: August 2, 2021                    Respectfully Submitted,

                                         *s/ Robert E. Morelli, III*
                                         Robert E. Turner, IV (TN BPR #35364)*
                                         Robert E. Morelli, III (TN BPR #37004)
                                         **JACKSON, SHIELDS, YEISER, HOLT
                                         OWEN & BRYANT**
                                         Attorneys at Law
                                         262 German Oak Drive
                                         Memphis, Tennessee 38018
                                         Telephone: (901) 754-8001
                                         Facsimile: (901) 754-8524
                                         *rturner@jsyc.com*
                                         *rmorelli@jsyc.com*

                                         **ATTORNEYS FOR PLAINTIFF AND
                                         ON BEHALF OF OTHERS SIMILARLY
                                         SITUATED**

                                         *\*Admission anticipated*